United States District Court
Western District of Wisconsin

SHAYD CHARLES MITCHELL
    Plaintiff,

vs.

Juliana Griffo, Palmer Luckey,
Oculus VR, Inc., Oculus VR, Inc.'s Insurance Providers,
Kickstarter.com, Kickstarter.com's Insurance Providers,
Spark Capital and Matrix Partners,
Spark Capital and Matrix Partner's Insurance Providers,
Founders Fund and Formation 8,
Founders Fund and Formation 8 Insurance Providers,
Andreessen Horowitz, Andreessen Horowitz's Insurance Providers,
Facebook, Inc., Facebook, Inc.'s Insurance Provider's,
Meta Platforms, Inc., Meta Platforms, Inc. Insurance Provider,
    Defendants,

Case No. _____

FILED/REC'D
2022 JUL 11 A 9:58
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

22 CV 378 JDP

## COMPLAINT WITH JURY DEMAND

Plaintiff, Shayd Charles Mitchell, by pro se representation, complains against the abovementioned Defendants, collectively and individually, as follows:

### Parties

1. Plaintiff Shayd Charles Mitchell is an adult Wisconsin resident who resides at 1730 West Snell Road, Oshkosh, Wisconsin 53701. Plaintiff has been a resident of Wisconsin since at least 1995 and has held jobs, paid taxes, voted plus started businesses in Wisconsin.

2. Defendant Juliana Griffo address unknown is a person who lives in the United States.

3. Defendant Palmer Luckey address unknown is a person who lives in the United States.

4. Defendant Oculus VR, Inc. address unknown is categorized as a person operating in the United States.

5. Defendant Oculus VR, Inc. Insurance Provider address unknown is categorized as a person operating in the United States.

6. Defendant Kickstarter.com address unknown is categorized as a person operating in the United States.

1

7. Defendant Kickstarter.com Insurance Provider address unknown is categorized as a person operating in the United States.

8. Defendant(s) Spark Capital and Matrix Partners address unknown is categorized as a person operating in the United States.

9. Defendant(s) Spark Capital and Matrix Partners Insurance Providers(s) address(es) unknown is categorized as a person operating in the United States.

10. Defendant Founders Fund and Formation 8 address(es) unknown unknown is categorized as a person operating in the United States.

11. Defendant Founders Fund and Formation 8 address(es) Insurance Provider(s) unknown unknown is categorized as a person operating in the United States.

12. Defendant Andreessen Horowitz address unknown unknown is categorized as a person operating in the United States.

13. Defendant Andreessen Horowitz Insurance Providers address unknown unknown is categorized as a person operating in the United States.

14. Defendant Facebook, Inc. address unknown is categorized as a person operating in the United States.

15. Defendant Facebook, Inc. Insurance Provider address unknown is categorized as a person operating in the United States.

16. Defendant Meta Platforms, Inc. address unknown is categorized as a person operating in the United States.

17. Defendant Meta Platforms, Inc. Insurance Provider address unknown is categorized as a person operating in the United States.

*Jurisdiction and Venue*

18. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.S. §1331 because this action arises under the Constitution and laws of the United States, and pursuant to 15 U.S.C.S. §1125(a) because Plaintiff claims the Defendants used Plaintiff's intellectual property without permission or compensation.

19. The Court has jurisdiction to grant damages pursuant to 15 U.S.C.S. §1117(a), Wis. Stat. §995.50 and Wisconsin comm0ojn law.

20. Venue is proper in this judicial district pursuant to 28 U.S.C.S. §1391(b) because plaintiff has been a resident of Wisconsin for more than 26 years and Wisconsin laws apply to him.

*Facts*

21. On information and belief, Defendant Juliana Griffo ("Griffo") and Defendant Plamer Luckey ("Luckey") met each other at the University of Southern Californian. Griffo was enrolled in the Interactive Media Division where from 200902012 Griffo worked extensively on virtual reality computer programs which culminated in a virtual reality computer program Griffo named "Shayd." Luckey worked at the Interactive Media Division's Mixed Reality Lab where Luckey developed a prototype of the Oculus Rift.

22. On information and belief, Griffo met Luckey at the Mixed Reality Lab and Luckey expressed interest in working with Griffo on Griffo's thesis presentation of "Shayd."

23. On information and belief, for the thesis presentation Luckey helped Griffo pair the Oculus Rift headset he "Shayd" virtual reality computer program.

24. On information and belief, Griffo publisher her thesis on May 5, 2012.

25. In 2012 Plaintiff was living and worked in Madison, Wisconsin.

26. Plaintiff worked at Argus Technologies a small technology firm located in Downtown Madison.

27. On information and belief, a search of Plaintiff's LinkeIn profile would reveal an employment history with Argus Technologies.

28. Argus Technologies specialized in technology advancement and software development. Argus Technologies mainly worked with matriculated college students who sought degrees in computer sciences, technology development and software coding. The college students needed apprenticeship credits to complete their degree programs and Argus Technologies provided an outlet for this.

29. On information and belief, Plaintiff worked with a matriculated college student apprentice to develop an online video game.

3

30. At no point in time did Griffo seek Plaintiffs permission to use Plaintiff's name in the development of her computer game program.

31. On information and belief, Griffo registered copyright in the name Shayd with an effective date of August 10, 2012.

32. Plaintiff created a Facebook page for the first time in March 2012.

33. Plaintiff also created a LinkedIn Career Profile in or around March 2012.

34. A search on Facebook, LinkedIn, Google or Bing would have revealed that "Shayd" is not an original work of authorship owned by Griffo.

35. Plaintiff owns a common law copyright to the name "Shayd" which is memorialized in a tangible form on Plaintiff's birth certificate and is maintained by the State of Michigan Vital records Office.

36. On information and belief, a search of birth records from 1990-2012 throughout the continental United States would reveal that "Shayd" is a unique name that qualifies for distinctive mark.

37. Plaintiff has a personal property interest to his name and enjoys a right to commercial use of his name and identity.

38. On information and belief, shortly after Griffo graduated from the University of Southern California Luckey reached out to Griffo and requested a license to include "Shayd" in a video Luckey was making as part of a Kickstarter,com campaign to raise money for Oculus VR, Inc. Griffo and Luckey did not come to an explicit agreement but Luckey used images of "Shayd's World" in the Kickstarter,com campaign anyway.

39. On information and belief, the Kickstarter.com campaign ran fro thirty (30) days. The fundraising campaign surpassed the $250,000 goal in less than 24 hours.

40. On information and belief, the Kickstarter.com campaign raised $1.3 million by August 5, 2012.

41. Defendants Luckey and Defendant Kickstater.com did not have Plaintiff's permission to use Plaintiff's name in advertising or trade.

42. On information and belief, Oculus VR, Inc. raised approximately $2.4 million from the Kickstarter.com campaign.

4

43. Defendants Oculus VR, Inc. did not have Plaintiff's permission to use Plaintiff's name in advertising or trade.

44. On information and belief, on June 17, 2013, Oculus announced $16 million in Series A funding co-led by Defendants Spark Capital and Matrix Partners, along with Defendants Founders Fund and Formation 8

45. Defendants Spark Capital and Matrix Partners along with Founders Fund and Formation 8 did not pay Plaintiff's permission to use Plaintiff's name in advertising or trade.

46. On information and belief, on December 13, 2013, Oculus VR, Inc. announced the closing of a $75 million Series B investment led by Defendants Andreessen Horowitz.

47. Defendant Andreessen Horowitz did not have Plaintiff's permission to use Plaintiff's name in advertising or trade.

48. On information and belief, on March 25, 2014, Defendant Facebook, Inc., entered into an agreement to acquire Oculus VR, Inc. that provided for total payments of approximately $2 billion in cash and stock.

49. Defendants Facebook, Inc. did not have Plaintiff's permission to use Plaintiff's name in advertising or trade.

50. On information and belief, Defendant Meta Platforms, Inc., is the parent company of Defendant Facebook, Inc..

51. Defendant Meta Platforms, Inc. did not have Plaintiff's permission to use Plaintiff's name in advertising or trade.

52. Plaintiff has a common law right to privacy and publicity.

53. The public could have easily been convinced Plaintiff somehow endorsed or was associated with the "Shayd" computer game base on Plaintiff's online identity and stated profession.

54. An online search of the name Shayd Mitchell would reveal a Mantra.com ad that states "Shayd" is the principle owner of Argus Ventures. Argus Ventures Technologies is a subsidiary company of Argus Ventures.

55. Plaintiff uses the name Shayd when marketing Plaintiff's services of technology development and venture funding to the public.

56. Any of the Defendants could have searched the internet to find Plaintiff living and working in Madison, Wisconsin then asked his permission to use his name yet failed to do so.

5

57. Plaintiff could not have known about this cause of action in 2012 since Plaintiff's main interest was in furthering his own business agendas and Oculus was still a fledgling company trying to establish itself so there was not a lot of media attention.

58. No amount of due diligence could have led Plaintiff to discover this cause of action.

59. On July 6, 2016, the very first case law associated with the copyright infringement suit popped up on WestLaw.

60. WestLaw is the legal research program that contracts with the Wisconsin Department of Corrections.

61. Plaintiff does have access to WestLaw in the law library of the institution he is housed in.

62. Plaintiff has file other legal matters and routinely searches his name to determine if any new action has been made on the cases he pursues *pro se*.

63. Plaintiff did search his name in the All Content section of WestLaw and found the copyright infringement suit filed by Griffo.

64. This is when Plaintiff reasonably could have discovered the cause of action giving rise to the claim(s) stated in this complaint.

65. As a practical matter a claim cannot be enforced until the claimant discovers the injury and the accompanying right of action.

66. Under Wisconsin law the "discovery rule" applies for the time of accrual for tort **causes of action**, so that tort claims accrue when the injury is discovered or with **reasonable diligence** should be discovered, whichever occurs first.

67. Plaintiff reasonable diligence in searching for matters related to his name lead to the discovery of the claims made in this complaint.

68. Plaintiff did need to spend time researching the viability of the claim(s) stated herein.

69. This is what the Plaintiff found.

70. The **Lanham Act** does not have a specific **statute of limitations**. Therefore, a court must borrow the most analogous **statute of limitations** from the law of the state in which the case was filed.

71. Initially Plaintiff believed he could pursue this matter under Wis. Stat. §893.53, Wisconsin's general liability statute.

72. Upon further research Plaintiff learned that the matter at hand is more closely related to fraud.

73. The statute of limitations for fraud in the State of Wisconsin in six years, according to Wis. Stat. §893.93(1)(b).

74. Under Wisconsin law, the burden of **diligent** inquiry is upon the defrauded party as soon as he has such information as indicates where the facts constituting the fraud can be discovered, for purposes of the six-year statute of limitations for fraud-based claims.

75. It is not necessary that a defrauded party have knowledge of the ultimate fact of fraud. What is required is that the party be in possession of such essential facts as will if diligently investigated disclose the fraud. The burden of diligent inquiry is upon the defrauded party as soon as he has such information as indicates where the facts constituting the fraud can be discovered.

76. Plaintiff did diligently inquire into the matter at hand when he attempted to contact the law firm representing Griffo in the copyright infringement suit.

77. To this date the letter sent to the law firm has not been answered.

78. Plaintiff also diligently studied the case law on WestLaw regarding the copyright infringement suit filed by Griffo as well as the precedent related to Lanham Act suits, statutes of limitations and other laws that could be applied to this case.

79. The statute of limitations for unjust enrichment in the State of Wisconsin in six years, according to Wis. Stat. §893.43.

80. Under Wisconsin law, "unjust enrichment" is a legal cause of action governed by equitable principles and grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust.

81. Defendants did gain a benefit from using Plaintiff's name without his permission as evidenced by the case law related to the copyright infringement suit filed by Griffo.

82. Plaintiff does believe he is owed restitution to make him whole again.

83. Defendants also engaged in common law unfair competition.

84. Plaintiff has not been able to find a case law settling the point of law related to the statute of limitations for unfair competition.

85. Plaintiff believes unfair competition falls under the purview of Wis. Stat. §893.53. This statute calls for a three year limitation.

86. On April 3, 2018, the Wisconsin Legislation altered the general liability statute (Wis. Stat. §893.53) time frame from a six year limit to a three year limit. This new law became effective April 5, 2018.

87. Plaintiff did reasonably discover the claims stated herein on July 6, 2016 *before* the new time limit can into effect.

88. Plaintiff believes he still falls under the six year statute of limitations.

89. **THE PLAINTIFF REQUESTS A JURY TRAIL ON ALL ABOVEMETIONED CLAIMS.**

90. **RELIEF REQUESTED**- Plaintiff has been damaged by this cause of action and requests damages, compensation and restitution as determined by a judge or jury.

Dated this 6th day of July, 2022

Respectfully Submitted,

*Shayd C. Mitchell*

Shayd C. Mitchell #472150

Oshkosh Correctional Instituiton

P.O. Box 3310

Oshkosh, Wisconsin 53703